Kaleb Lee Basey
17753-006 Cardinal Unit
Federal Medical Center Lexington
P.O. Box 14500
Lexington, KY 40512-4500
Plaintiff in Pro Se

Eastern District of Kentucky
**FILED**
AUG 2 1 2023
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# AT LEXINGTON

| | |
|---|---|
| KALEB LEE BASEY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT<br>OF JUSTICE, EXECUTIVE OFFICE<br>FOR THE U.S. ATTORNEYS,<br>FEDERAL BUREAU OF<br>INVESTIGATION,<br><br>Defendants. | No. 5:23-cv-00091-CHB<br><br>REDACTED<br>COMPLAINT<br>(5 U.S.C. §552(a)(4)(B)) |

1. This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. §552, to order the production of agency records and information which Defendant has improperly withheld from Plaintiff.

I. **Parties**

2. Plaintiff, Kaleb Lee Basey, is the requester of the sought-after records.

3. Basey is an inmate of the Federal Medical Center in Lexington,

Kentucky and, thus, resides in the Eastern District of Kentucky.

4. Defendant, Department of Justice (DOJ), is an agency of the United States and is in possession of the sought-after records. The Executive office for the U.S. Attorneys (EOUSA) and the Federal Bureau of Investigation (FBI) are components of the DOJ and are in possession of the sought after records.

## II. Jurisdiction and Venue

5. A FOIA requester may file a complaint in an appropriate district court once he actually or constructively exhausts his administrative remedies. *E.g., Taylor v. Appleton*, 30 F.3d 1365, 1367-68 (11th Cir. 1994).

6. Under 5 U.S.C. §552(a)(4)(B), a FOIA suit may be brought in the District where the complainant resides.

7. Basey has constructively exhausted his administrative remedies.

8. Since Basey resides in the Eastern District of Kentucky venue is proper there.

## III. Facts

### A. Basey's trial and missing *Brady* material

9. In 2017, Basey was convicted of one count of transporting and one count of distributing material involving the sexual exploitation of a minor in violation of 18 U.S.C. §2252(a)(1) and (a)(2). *See* Jury

Verdicts, *U.S. v. Basey*, No. 4:14-cr-00028-RRB (D. Alaska Dec. 12, 2017) ECF 214.

10. Convictions under 18 U.S.C. §2252 require proof that the alleged minor(s) depicted in the image(s) is/are real. *E.g., U.S. v. Salcido*, 506 F.3d 729, 733 (9th Cir. 2007).

11. To bear this burden of proof in §2252 prosecutions, the Government has established a process where investigators will first query databases maintained by the National Center for Missing and Exploited Children (NCMEC) or those maintained by the DOJ itself to see if the images at issue match images of known victims of child exploitation. *See, e.g., U.S. v. Rodriguez*, 475 F.3d 434, 452 (1st Cir. 2007) (Torruella, J., dissenting) (explaining government's process to determine reality of alleged minors in images).

12. If the database searches don't generate hits, the Government employs experts in the field of image analysis to opine as to whether the image depicts a real minor. *See Id.* at 452-53 (Torruella, J., dissenting); *U.S. v. Frabizio*, 445 F. Supp. 2d 152, 162 (D. Mass. 2016).

13. But these experts will not conclusively opine that an image depicts a real minor based on a single image. *See Rodriguez*, 475 F.3d at 453 (Torruella, J., dissenting); *Frabizio*, 445 F. Supp. 2d at 162.

14. At Basey's trial, the Government introduced two images depicting different alleged minors. *See* Figs. 1 & 2, *infra*.

Fig. 1 (Trial Exhibit 12A re distribution count)

Fig. 2 (Trial Exhibit 13A re transportation count)

15. At Basey's trial, the Government did not introduce reports or records regarding the Government's efforts to determine the reality of the alleged minors in the two figures above. *See* Trial Tr. Day 2, *U.S. v. Basey*, No. 4:14-cr-00028-RRB (D. Alaska) ECF 261 at 89 (introduction of distribution-count image); *id.* at 100-01 (introduction of transportation-count image).

16. The Government relied solely on the images alone to carry the burden of proof that the images at trial depicted real minors.

17. Since the Government has a standard process it uses in every child-pornography investigation to determine the reality of alleged minors depicted in images, its failure to produce records from this

standard process at Basey's trial creates an inference that such records are favorable to Basey. *See U.S. v. Charles*, 738 F.2d 686, 698 (5th Cir. 1984) ("In general, the failure to produce a favorable witness or other evidence when it is peculiarly within a part's power to do so creates an inference that the witness' testimony [or the evidence] will be unfavorable.") (my alteration).

18. Had the Government queried the NCMEC database and been met with negative results, a record memorializing this fact would have been exculpatory to Basey as it would tend to disprove the alleged minors' reality.

19. Similarly, had an expert opined in a report that he or she could not conclusively say the alleged minors were real would also have been exculpatory evidence in Basey's case since it would tend to disprove the minor-reality element.

20. If a record does indeed exist that is similar to the type of records described in paragraphs 18-19 and they were presented to a jury, there is a reasonable likelihood that a jury would acquit in Basey's case.

21. Thus, Basey believes the Government is withholding exculpatory information regarding the lack of proof that the images introduced at

his trial depicted real minors, which would be a violation of *Brady v. Maryland*, 33 U.S. 83 (1963).

**B. Basey's FOIA request.**

22. DOJ rules state that a FOIA request may be sent to its FOIA Mail Referral Unit via email at MRUFOIA. Requests@usdoj.gov. *See* 28 C.F.R. §16.3(a)(2).

23. On January 10, 2023, Basey caused a FOIA request and verification of his identity as the requester to be sent to the above-mentioned MRUFOIA email address by having his fiancée, Loretta Gaines, send these using her email address. See Exh. A (Basey's Jan. 10, 2023, FOIA request); Exh. B (Basey's verification of identity).

24. Basey's verification of identity complied with DOJ regulation 28 C.F.R. §16.41(d) as it included Basey's full name, current address, his place and date of birth, and was signed by him under penalty of perjury.

25. In the body of the FOIA request email, Basey's full name appears at the end of the request indicating that Basey was the requester.

26. The FOIA request sought all records pertaining to:[1]

- Records previously withheld under FOIA exemption 7(A) in *Kaleb Lee Basey v. Dept. of the Army*, No. 4:16-cv-00038-TMB (D. Alaska).

---

[1] Exh. A (Basey's Jan. 10, 2023, FOIA request).

> These records are associated with FOIA request number: 1358015 and FOIA appeal number: DOJ-AP-2016-005673.
>
> - **Records associated with FBI case No. 305I-AN-5401337** which is a case associated with Kaleb Lee Basey, that pertain to the DOJ/FBI's efforts to determine whether images seized from Basey's Yahoo email account (swingguy23@yahoo.com) depicted real minors. This may include records from the National Center for Missing and Exploited Children ("NCMEC") or records from the FBI's Forensic Audio Video and Image Analysis Unit ("FAVIAU") opining on whether the image(s) depict real minors.
>
> - DOJ guidance, standard operating procedures ("SOPs"), training manuals, and similar material regarding how determinations of the reality of alleged minors and images in cases under 18 U.S.C. §2252 are made.
>
> - Communications between any DOJ personnel (e.g., FBI agents, AUSAs, etc.) regarding FBI case No. 305I-AN-5401337 (the Kaleb Basey investigation) that have the following keywords: "NCMEC", "FAVIAU", "real", "reality", "virtual", "fake", "not real", "photoshop", "photoshopped", "composite", "composited", "FOIA", "FOIPA", "Brady". "Communications" means any word-searchable memorialized record of communication including text messages, emails and correspondence. Likely authors/recipients include: Jolene Goeden, Kyle Frederick Reardon, Andrea Whittier Hattan, Holly Steeves.

27. MRUFOIA sent a timely notice on January 12, 2023, indicating it would forward the FOIA request to the appropriate DOJ components. Exh. C (MRUFOIA's Jan. 12, 2023, notice).

## FOIA Request#: EOUSA-2023-000927

28. On January, 18, 2023, the EOUSA sent a letter to Basey's prison address—the address Basey gave in his sworn verification of

identity—indicating it received his FOIA request. Exh. D (EOUSA's Jan. 18, 2023, receipt letter).

29. The letter provided a tracking number (EOUSA-2023-000927) and said the time limit to respond was being extended beyond the ten day statutory period for "unusual circumstances." *Id.*

30. While agencies normally have a 20-working-day period to respond to FOIA requests, this may be extended to 30 working days under "unusual circumstances" and upon written notice to the requester. 5 U.S.C. §552(a)(6)(B)(i).

31. "If the agency does not make a 'determination' within the relevant statutory time period, the requester may file suit without exhausting administrative appeal remedies." *Citizens for Responsibility & Ethics in Wash. v. FEC ("CREW")*, 711 F.3d 180, 185 (D.C. Cir. 2013).

32. The extended 30-working-day period for EOUSA-2023-000927 expired on March 6, 2023, thus, Basey has constructively exhausted his administrative appeal remedies with respect to this part of his FOIA request.

33. Notably the EOUSA put "Self/AK" in the "Subject of the Request" area at the top of the January 18, receipt letter indicating the component knew Basey was requesting information about himself and his Alaska criminal case.

### FOIA Request#: 1358015-001

34. On January 24, 2023, the FBI sent a response letter addressed to Loretta Gaines (not Kaleb Lee Basey) and assigned the request a number associated with a FOIA request Basey previously made (1358015-001). *See* Exh. E (FBI's Jan. 24, 2023, response letter); *cf.* Exh. A (noting Basey's prior FOIA request number associated with *Basey v. U.S. Dept. of the Army*).

35. Despite the EOUSA's acknowledgment that Basey was seeking records about his criminal case, the FBI treated Basey's request as if it were Loretta Gaines (a person merely designated to receive responsive information on his behalf) requesting information about Basey.

36. The FBI invoked FOIA exemptions (b)(6) and (b)(7)(C) saying that the records pertained to one or more third parties. Exh. E (FBI's Jan. 24, 2023, response letter).

37. Basey caused an appeal to be sent electronically to the FBI/DOJ web portal on February 2, 2023. Exh. F (Basey's Feb. 2, 2023, administrative appeal).

38. Basey appealed the denial on the following grounds:[2]

- First, the denial letter incorrectly identified the requester as my fiancée, Loretta Gaines. As my January 10, 2023, FOIA request clearly states, I, Kaleb Lee Basey, am the requester. *See* Attachment A (Jan. 10, 2023, FOIA request). To clarify this point, my sworn verification of identity accompanied

---

[2] Exh. F.

my request in accordance with 28 C.F.R. §16.41(d). See Attachment B (verification of identity). And since the records sought pertaining to FBI case number 3051-AN-5401337 are about me (Kaleb Lee Basey, not a third party) and I have essentially waived my rights to privacy by submitting my sworn verification of identity, Exemptions (b)(6) and (b)(7)(C) are inapplicable. See *Sussman v. U.S. Marshals Service,* 494 F.3d 1106, 1116 (D.C. Cir. 2007) ("[I]f Maydak waived his privacy interest under FOIA, the Marshals Service cannot withhold materials concerning him based on Exemption 7(c).").

- Second, the denial letter does not state whether any reasonable segregable portions of the records could be provided with redactions in accordance with 5 U.S.C. §552(b). See, e.g., *Church of Scientology v. U.S. Dep't of the Army,* 611 F.2d 738, 744 (9th Cir. 1979) ("There is no longer any question that the doctrine of segregability applies to...the exemptions under the [FOIA]....").

- Third, many documents pertaining to FBI case No. 3051-AN-5401337 were previously released through FOIA in *Basey v. Dep't of the Army,* No. 4:16-cv-00038-TMB, 2018 U.S. Dist. LEXIS 227506 (D. Alaska May 14, 2018). Thus, Exemptions (b)(6) and (b)(7)(C) are inapplicable due to prior disclosure. (Note that the prior FOIA request # associated with this information was 1358015 which is identical to the number associated with the instant request.

- Fourth, since this request involved the same records at issue in *Basey v. Dep't of the Army,* No. 4:14-cr-00038-TMB, the doctrine of estoppel bars the agency from asserting new grounds for exemptions not previously raised in prior litigation.

- Fifth, there are likely other records regarding FBI case number 3051-AN-5401337 that do not pertain to third parties, personnel files, or medical information and thus not exempt under Exemptions (b)(6) and (b)(7)(C). For instance, there are likely records that show images in Kaleb Basey's swingguy23@yahoo.com email account could not be traced to any known images of child pornography involving real minors. Such records would not be about third parties (since I, Kaleb Basey, am the requester) and would not contain information about other people.

39. The FBI had 20 working days to make a determination on Basey's appeal. 5 U.S.C. §552(a)(6)(A)(ii).

Basey v. U.S. DOJ
REDACTED Complaint                                                              10

40. The 20-day period expired on March 3, 2023, thus, Basey has constructively exhausted his administrative appeal remedies with respect to this part of his request.

## IV. Claims for Relief.

### A. Claim one: The DOJ and EOUSA are wrongfully withholding agency records from Basey in violation of the FOIA.

41. Basey incorporates by reference all of the prior paragraphs as if set forth here.

42. FOIA claims have 3 elements: an agency must (1) improperly; (2) withhold from the requester; (3) agency records. *McGehee v. CIA*, 697 F.2d 1095, 1105 (D.C. Cir. 1983).

43. The DOJ and its component, EOUSA, are improperly withholding agency records from Basey in request #: EOUSA-2023-000927.

44. Since Basey has not received a response within the extended 30-day time period, he has constructively exhausted his administrative appeal remedies and is entitled to judicial review and supervision over the Defendant's compliance with his FOIA request under 5 U.S.C. §552 (a)(4)(B).

45. Basey does not concede "unusual" or "extraordinary" circumstances exist under 5 §(a)(6)(B)(i) - (iii)

### B. Claim Two: The DOJ and FBI are wrongfully withholding agency records in violation of FOIA.

46. Basey incorporates by reference all of the preceding paragraphs as if set forth here.

47. The DOJ and its component, FBI, are improperly withholding agency records from Basey in request #: 1358015-001.

48. The records are improperly being withheld as the FBI and DOJ are improperly invoking FOIA exemptions 6 and 7(C).

49. For the reasons set forth in Basey's administrative appeal (Exh. F), which is incorporated as if set forth here, those exemptions are inapplicable.

50. Since the 20-working-day period of time for responding to Basey's administrative appeal has expired without a response, Basey has constructively exhausted his administrative appeal and he is entitled to judicial review of the denial of request #: 1358015-001 under 5 U.S.C. §552(a)(4)(B).

## V. Prayer for Relief

Basey requests the following relief.

51. That the DOJ "answer or otherwise plead" within 30 days of receiving this complaint. 5 U.S.C. §552(a)(4)(C).

52. An injunction requiring the DOJ to produce records responsive to Basey's FOIA request by sending them in digital/electronic file format to the following email address: lorettagaines111067@gmail.com. Alternatively, the records may be sent in digital/electronic file format on DVD or CD to the following address:

> Loretta Gaines
> 1137 Ashford Lane
> Lexington, KY 40515

A second set of paper copies should be sent to Basey's prison address:

> Kaleb Lee Basey
> 17753-006 Cardinal Unit
> Federal Medical Center Lexington
> P.O. Box 14500
> Lexington, KY 40512-4500

53. An injunction barring the DOJ from assessing search fees for Basey's request due to its failure to follow FOIA's time limits. 5 U.S.C. §552(a)(4)(A)(viii).

54. Award Basey costs in accordance with 5 U.S.C. §552(a)(4)(E)(i).

55. And give any further relief that is proper.

Respectfully submitted this ___21st___ day of ___August___, 2023.

Originally submitted on March 21, 2023.

> _____
> Kaleb Basey
> Plaintiff in Pro Se