S. LANE TUCKER
United States Attorney

NOAH ROETMAN
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
Email: Noah.Roetman@usdoj.gov

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KALEB BASEY,<br><br>    Plaintiff,<br><br>  vs.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, et al.,<br><br>    Defendants. | Case No. 3:24-cv-00005-JMK |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO SERVE INTERROGATORIES

Defendants, the United States Department of Justice (DOJ),[1] through counsel,

---

[1] Plaintiff named both the DOJ as well as two of its components, the Executive Office for the U.S. Attorneys (EOUSA) and the Federal Bureau of Investigation (FBI). The DOJ contends that, as a federal agency, it is the only proper part defendant; however, since both EOUSA and the FBI are components of the DOJ, this has no legal effect on this matter. For the purposes of this litigation, this Opposition is filed on behalf of the DOJ as well as EOUSA and the FBI.

respectfully submits this opposition to the Motion for Leave to Serve Interrogatories [Dkt 32] filed by Plaintiff Kaleb Lee Basey. Because claims under FOIA are typically resolved without discovery and because Defendants have not yet moved for summary judgment, Plaintiff's motion should be denied and a briefing schedule should be set.

## I.    Background

This case originated in the Eastern District of Kentucky. Dkt 1. Plaintiff filed an Amended Complaint on August 21, 2023. Dkt 11. The Court ordered briefing on whether venue was proper in the Eastern District of Kentucky on August 28, 2023. Dkt 12. Defendants filed briefing on venue and an Answer on October 16, 2023. Dkts 21, 22. Plaintiff filed briefing on venue on October 31, 2023. Dkt 25. On January 2, 2024, District Court Judge Claria Horn Boom transferred this case to the District of Alaska. Dkt 27. On February 16, 2024, this case was reassigned to Judge Joshua M. Kindred. Dkt 31. No further briefing schedule has been set. Plaintiff now moves for leave to serve interrogatories. Dkt 32.

## II.    Argument

Discovery is the exception, not the rule, in FOIA cases. *See, e.g., Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) (noting that in FOIA cases "discovery is limited because the underlying case revolves around the propriety of revealing certain documents"); *CareToLive v. FDA*, 631 F.3d 336, 345-46 (6th Cir. 2011) ("Claims under the [FOIA] are typically resolved without discovery on the basis of the agency's affidavits."); *Heily v. Dep't of Com.*, 69 F. App'x 171, 174 (4th Cir. 2003) (per curiam) ("It is well-established that discovery may be greatly restricted in FOIA cases."); *Just v.*

*IRS*, 798 F. Supp. 2d 43, 47 (D.D.C. 2011) (noting that "discovery is disfavored" in FOIA actions), *aff'd*, 485 F. App'x 439 (D.C. Cir. 2012); *Wheeler v. CIA*, 271 F. Supp. 2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions."). The decision to grant discovery and the conditions under which it is permitted are within the discretion of the district court. *See, e.g., Lane*, 523 F.3d at 1134 (stating that "[a] district court 'has wide latitude in controlling discovery, and its rulings will not be overturned in absence of a clear abuse of discretion'" (quoting *White v. City of San Diego*, 605 F.2d 455, 461 (9th Cir. 1979))); *Gillin v. IRS*, 980 F.2d 819, 823 (1st Cir. 1992) (per curiam) ("Where the agency's affidavits are adequate to substantiate the adequacy and results of its search, and the validity of the exemptions it claims, then the 'district judge has discretion to forgo discovery and award summary judgement on the basis of affidavits.'" (quoting *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978))).

Most FOIA cases are resolved by the district court on summary judgment, with the court entering judgment as a matter of law. *Animal Legal Defense Fund v. FDA*, 836 F.3d 987, 989 (9th Cir. 2016). When discovery is sought prior to the time the government moves for summary judgment and submits its supporting affidavits and memorandum of law, courts will frequently deny the request or grant a protective order staying discovery on the grounds that it is premature. *See, e.g., Lane*, 523 F.3d at 1134-35 (holding that district court's "delay of discovery" with respect to plaintiff's FOIA claim until after summary judgment "was certainly within its discretion"); *Miscavige v. IRS*, 2 F.3d 366, 369 (11th Cir. 1993) ("The plaintiff's early attempt in litigation of this kind . . . to take discovery depositions is inappropriate until the government has first had a chance to provide the court

with the information necessary to make a decision on the applicable exemptions."). In fact, even when an agency's declarations are found to be insufficient, courts often order the submission of supplemental information rather than resorting to discovery. *See, e.g., Beltranena v. Clinton*, 770 F. Supp. 2d 175, 187 (D.D.C. 2011) (denying requests for discovery and in camera review and instead ordering agency to supplement affidavits to establish that it conducted adequate searches and to provide particularized explanations for its segregability determinations); *Reich v. DOE*, 784 F. Supp. 2d 15, 22 (D. Mass. 2011) (observing that "courts generally will request supplemental information before ordering discovery"); *Jarvik v. CIA*, 741 F. Supp. 2d 106, 122 (D.D.C. 2010) ("Even if an agency's affidavits regarding its search are deficient, courts generally do not grant discovery but instead direct the agency to supplement its affidavits.").

Here, it is premature to engage in discovery before Defendants have filed a motion for summary judgment. In a motion for summary judgment, an agency already bears the burden of demonstrating that it has complied with its obligations under FOIA. 5 U.S.C. § 552(a)(4)(B); *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991). As noted in the above cited cases, there is rarely a need for discovery at all in FOIA cases, much less before the Court has had an opportunity to review agency declarations. Accordingly, Plaintiff's motion for leave to serve interrogatories should be denied without prejudice. Defendants anticipate filing a motion for summary judgment and respectfully request 90 days to provide the Court with the information necessary for the Court to determine whether there was an improper withholding under FOIA.

## III. Conclusion

For the above reasons, Plaintiff's motion for leave to serve interrogatories should

be denied. Defendants will file a motion for a briefing schedule alongside this opposition.

RESPECTFULLY SUBMITTED this April 1, 2024, in Anchorage, Alaska.

S. LANE TUCKER
United States Attorney


/s/ Noah Roetman
Assistant U.S. Attorney
United States of America




**CERTIFICATE OF SERVICE**
I hereby certify that on April 1, 2024,
a true and correct copy of the foregoing
was served via first-class certified mail on the following:

Kaleb Basey
17753-006 Cardinal Unit
Federal Medical Center Lexington
P.O. Box 14500
Lexington, KY 40512-4500
*Pro Se*

/s/ Noah Roetman
Office of the U.S. Attorney